IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHRIS S. FARMEN,                    )
                                    )      Civil No. 06-1043-PK
         Petitioner,                )
                                    )
    v.                              )
                                    )
SHARON BLACKETTER,                  )
                                    )      FINDINGS AND RECOMMENDATION
         Respondent.                )

Bryan E. Lessley
Assistant Federal Public Defender
151 W. 7th Avenue, Suite 510
Eugene, Oregon 97401

    Attorney for Petitioner

Hardy Myers
Attorney General
Lynn David Larsen
Attorney-In-Charge
Department of Justice
1162 Court Street NE
Salem, Oregon 97301

    Attorneys for Respondent

///

1 - FINDINGS AND RECOMMENDATION

PAPAK, Magistrate Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254 in which he challenges his September 2004 sentence for Assault in the First Degree. For the reasons set forth below, the Petition for Writ of Habeas Corpus (#2) should be denied, and Judgment should be entered dismissing this action with prejudice.

## BACKGROUND

On January 8, 2004, the Washington County Grand Jury returned an indictment charging petitioner with one count of Attempted Murder, one count of Assault in the First Degree, one count of Assault in the Second Degree, and six counts of Unlawful Use of a Weapon. Respondent's Exhibit 103, Attached Exhibit 103. Pursuant to a plea agreement, petitioner pled guilty to one count of Assault in the First Degree and stipulated to a 120-month sentence. The court accepted petitioner's plea and imposed the ten-year sentence. Respondent's Exhibit 101.

Petitioner did not directly appeal his conviction, but later filed for post-conviction relief ("PCR") in state court. Respondent's Exhibit 102. The PCR trial court granted the state's unopposed motion for summary judgment. Respondent's Exhibit 104. The Oregon Court of Appeals dismissed petitioner's appeal as untimely (Exhibit 106) and the Oregon Supreme Court denied review (Exhibit 108); Farmen v. Blacketter, 2006 Or. LEXIS 671.

2 - FINDINGS AND RECOMMENDATION

On July 21, 2006, petitioner filed this action. In his Petition for Writ of Habeas Corpus, petitioner alleges four grounds for relief:

1. Ground One: Petitioner was denied an appeal of state level post conviction remedies and could not exhaust all claims adequately for no cause or reason.

   Supporting Facts: On Feb-6-2006 petitioner's [appellate] post-conviction attorney filed a notice of appeal from a Judgment of den[ial] of post-conviction on Jan-24-2006. Well within the 30 day rule. Counsel sent notice certified mail to all necessary parties. United States Postal Service confirmed that postage was received delivery on Feb-13-2006. Then Judge Garry L. Reynolds signed an order fo appeal dated Feb-14-2006 (see attached appendage Exhibit (1)) showing notice of appeal had been filed. Petitioner's counsel was substituted two months later then new counsel filed appeal notice and was denied by error by another Judge see attached appendage (2).

2. Ground Two: Petitioner was sentenced to an enhanced sentence from 90 months to 120 months by use of a 1992 conviction that was overturned in United States District Court.

   Supporting Facts: Petitioner was subject to improper Oregon sentencing guidlin[e] grid should have been a 9C (51-55) months but instead sentencing courts used a prior 1992 conviction to enhance sentence to a 10-B upward departur[e] of 120 months. Even though petitioner's conviction was overturned in Federal Court in a Civil Case No (96-200-TC) Sep-9-1997. Also courts show on sentencing order that petitioner scores a sentencing grid of a 10-C which is (111-115) months the error is apparent on sentencing order. Petitioner should not be subjected to Measure 11 offense of 90 months but would request a resentence of the 90 months for the charge or receive good time credits.

3. Ground Three: Petitioner is subjected to higher sentence on a[n] upwards departure by error.

   Supporting Facts: Petitioner's rights are also violated by subjecting petitioner to an upward departure without a jury. The upward departure was also not valid because

3 - FINDINGS AND RECOMMENDATION

    sentencing Judge was misinformed of Petitioner's prior arrest and conviction record of a prior charge that was overturned in Oregon State District Court and under 28 U.S.C. Section 2254 in front of both U.S. Magistrate Judge Thomas Coffin and ordered by Chief Judge Hog[a]n both in District Court of Oregon.

4.    Ground Four: Petitioner was denied statutory good time sentence reductions alternative sanctions 936 options ORS 137.750.

    Supporting Facts: Petitioner claims that he is subject to Oregon Sentencing Guidelines Grid and should be entitled statutory good time. The sentencing guideines is a separate entity unlike Measure 11 offenses of a fixed sentence under ORS 137.700. Petitioner was sentenced to a Sentencing Guidelines Grid rather than Measure 11. Petitioner should be [e]ntitled to Alternative Sanctions or good time credits of Oregon's ORS 137.000 et al. Also good time earned time credits for time already served prior to conviction.

Respondent asks the court to deny relief on the Petition because petitioner has procedurally defaulted all his grounds for relief and his claims are without merit.

## DISCUSSION

### I. Abandoned Claim

Petitioner has failed to support his Ground One claim with any briefing. See Petitioner's Memorandum in Support of Habeas Corpus Petition (#20), pp. 7-10. The court deems this claim abandoned. Cf. Doty v. County of Lassen, 37 F.3d 540, 548 (9th Cir. 1994)("[t]he failure to brief [an] issue waives [the appellant's] right to appeal" it).

///

///

4 - FINDINGS AND RECOMMENDATION

## II. Exhaustion and Procedural Default

The parties dispute whether petitioner's Grounds Two through Four claims are procedurally defaulted. Because, as discussed below, I find that these claims are without merit, I need not determine whether they were fairly presented to Oregon's state courts. See 28 U.S.C. § 2248(b)(2)("An application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.")

## III. The Merits

### A. Standard of Review

An application for writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's]

5 - FINDINGS AND RECOMMENDATION

cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent."  Williams v. Taylor, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct legal principle from [the Supreme Court's] decisions, but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.  The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. Id. at 410.  The state court's application of clearly established law must be objectively unreasonable.  Id. at 409.

B. **Analysis**

1. **Use of Prior Overturned Convictions to Enhance Sentence (Ground Two)**

Petitioner contends that his prior overturned convictions (See Farmen v. Baldwin, CV 96-200-TC) were used against him to: (1) establish a criminal history category "C" on the Oregon guideline grid; (2) raise his crime severity from 9 to 10; and (3) support a five-month upward departure. Petitioner's Memorandum in Support (#20), pp. 7-9.  Respondent denies that petitioner's overturned convictions played any role in the sentence calculation in this case.  Respondent's Response to Habeas Corpus Petition (#27), p. 7.
///

6 - FINDINGS AND RECOMMENDATION

Notably, petitioner signed a plea agreement in this case which stated that:

> I know that the Crime Seriousness Rating for [ ] these crimes is [ ] 10. I believe my Criminal History Scale is C. I know also that under the Sentencing Guidelines my presumptive sentence is 111-115/90 mos BM 11. I know, however, that the Court could depart from that presumptive sentence and impose a greater or lesser sentence.

Respondent's Exhibit 103, Attached Exhibit 101, p. 1.

In addition to the statements made above in the plea agreement, petitioner acknowledges that he has other felonies on his record that would have rendered him a category C. Petitioner's Memo in Support (#20), p. 8. Furthermore, with regard to the issue of the appropriate crime severity level, I am wholly unpersuaded by petitioner's argument that the cited factor for raising his crime severity from 9 to 10--that the victim did not substantially contribute to the commission of the offense by precipitating the crime--is essentially the same as using the overturned convictions to enhance the sentence. Id. at p. 9.

Finally, in view of petitioner's admission that he has other felonies on his record, I reject his argument that the prosecutor's mention of "persistent involvement" as a possible supporting factor for a five-month departure (beyond the presumptive maximum sentence of 115 months to reach the stipulated sentence of 120 months), was a reference to petitioner's overturned convictions. Regardless, petitioner's trial counsel stated at sentencing that "the extra

7 - FINDINGS AND RECOMMENDATION

five months that we've agreed to . . . we could say that the harm done was worse than shall we say a normal case." Respondent's Exhibit 103, Attached Exhibit 102, p. 6.[1] Petitioner acknowledges that atypical harm is a permissible aggravating factor under the Oregon guideline grid. Petitioner's Memo in Support (#20), p. 9.

### 2. Upward Departure without Facts Being Found by a Jury (Ground Three)

Petitioner argues that he is entitled to habeas relief because the court imposed an upward departure based on facts not proven to a jury in violation of Blakely v. Washington, 524 U.S. 296 (2004). However, as noted above, petitioner stipulated to the departure factor used to impose five months additional time--that the harm done was worse than a normal case. Petitioner acknowledges that "facts stipulated to by a defendant need not be submitted to a jury and may be considered proven." Petitioner's Memo in Support (#20), p. 10 (citing Blakely, 542 U.S. at 310).

### 3. Guideline Grid Sentence Barring Good-Time Reductions (Ground Four)

Petitioner contends that he is entitled to statutory good-time reductions because he was sentenced under the guideline grid rather than under Oregon's Measure 11. Id. However, once again, he

---

[1] I also note that the Judgment of Conviction states that "[t]he Court FINDS substantial and compelling reasons to impose an upward durational departure sentence from defendant's 10-C gridblock (115 months prison) based upon stipulation of the parties and the following aggravating factor: degree of harm to the victim was significantly greater than typical. Respondent's Exhibit 101, p. 2.

8 - FINDINGS AND RECOMMENDATION

acknowledges that he stipulated to the 120-month sentence, with credit for time served, but with no programming that would reduce the sentence. Id.; See Respondent's Exhibit 103, Attached Exhibit 102, pp. 4-5.

Based on the foregoing, the PCR trial court's decision granting respondent's Motion for Summary Judgment and denying relief on petitioner's claims is neither contrary to, nor an unreasonable application of, clearly established federal law.

## RECOMMENDATION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) should be DENIED, and judgment should enter DISMISSING this case with prejudice.

## SCHEDULING ORDER

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue, and will constitute a waiver of a party's right to appellate review of the findings of fact in

9 - FINDINGS AND RECOMMENDATION

order of judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 20th day of March, 2008.

                     _/s/ Paul Papak_
                     Paul Papak
                     United States Magistrate Judge